The opinion of the' court, after full argument by the counsel, was delivered as follows, by
Chase, J.
The question in this case arises on the certificate of the acknowledgment of the deed from Jeremiah Conner by ^ and wife to George Waters, in the Words following, viz. “ The same Mary Ann having been first privately examined by us, secretly and apart and separate from her husband, whether she did the same freely and willingly, of her own accord, and without being induced thereto by the threats of her husband, or fear of his displeasure, or ill usage from him, and having assured us she did the same voluntarily, and without being induced thereto by any of the causes aforesaid, according to an act of assembly in such case made and provided.”
No deed of lands from a feme covert can be valid and operative to pass her interest therein, unless her acknowledgment is made according to the act of 1715, c. 47. This act prescribes a precise and particular form which must be substantially complied with.
The justices, in making the certificate, act ministerially and not judicially.
Whether the form prescribed by the act of assembly has been pursued, mu3t depend on an inspection of the certificate, and comparing it with the act It can derive* *433 no aid or support from possession having been held under it. Long uninterrupted possession creates a presumption that every thing has been legally transacted ; but that presumption is encountered and defeated by resorting to the deed, and inspecting the certificate, which in this case appears to be defective.
A deed, to be good, and operate as such, must be acknowledged to be the deed of the party. The writing in question is not acknowledged by the feme to be her désela
No inference or implication can arise from the words u that she acknowledges the lands to be the right and estate of the party, his heirs and assigns,” to make it her acknowledgment of the deed; nor can it be made a good acknowledgment by the concluding words, “ according to act of assemblyfor that is the judgment or deduction of the justices, and is not warranted by the preceding part of the certificate.
Judgment for the plaintiff.
The defendant brought a writ of error to the court of appeals, but for want of prosecution the case was nonprossed in that court at June term, í ¡T98.